SIGMUND SIMON AND ISAAC MENDLESON v. CHARLES BEWICK, ANDREW W. COMSTOCK AND WILLIAM B. COMSTOCK.

*Lease by a firm—Non-consent of absent partner.*

An action upon the covenants of a lease which purports to have been given by a firm will not lie against the partners if, after having been left with the lessees' attorney to be held until an absent partner has approved of it, such approval is not given.

Error to the Superior Court of Detroit. (Chipman. J.) Jan. 10.—Jan. 15.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*Moore & Moore* for appellants.

*Otto Kirchner* for appellees.

SHERWOOD, J. The plaintiffs and defendants Comstock resided at Detroit, and the defendant Bewick at Alpena. The plaintiffs claim to have rented of the defendants two stores in Alpena for the term of two years, commencing on the 1st day of October, 1881, at an annual rental of one thousand and fifty dollars per year, payable quarterly in advance. The plaintiffs further claim that such rental was by written lease made and delivered by the defendants to plaintiffs; that the first quarter rent was duly tendered to defendants, and that they refused to receive the rent tendered or deliver possession of the store, which was duly demanded by the plaintiffs.

The plaintiffs bring this action to recover the damages they claim to have sustained by reason of the refusal of defendants to perform the covenants of their lease and deliver possession of the store as demanded.

The defendants claim that they never delivered a lease of the store to the plaintiffs; that while there was a long treaty in regard to the matter between the parties and their agents or attorneys, they never consummated the lease by delivery; that a lease was drawn and signed by defendants and placed in the hands of R. A. McDonald, an attorney for plaintiffs at Alpena, but not to be delivered to plaintiffs until it should be assented to and receive the approval of defendant Bewick; and that it never received his assent or approval.

This question of fact thus presented upon the claims of the respective parties clearly appears upon the evidence in the case, and was submitted to the jury. They found in favor of the defendants; and unless the circuit judge, in submitting the case to them upon this issue, committed some error prejudicial to the plaintiffs, we cannot disturb the verdict however much we might feel inclined to disagree with the result.

After a careful examination of the record, it fails to disclose to us any error in the rulings or charge of the court upon this point. The charge was full, clear and correct. This disposition of the first question presented makes it unnecessary to discuss the other questions raised.

The judgment must be affirmed with costs.

The other Justices concurred.